UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID A. SILVIA, PRO SE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 21-cv-472-JJM-PAS |
| | : | |
| DR. ANNMARIE DUNICAN, | : | |
| CHIEF OF STAFF, et al., | : | |
|     Defendants. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff David A. Silvia has filed a *pro se*[1] complaint against "Dr. Annmarie Dunican Chief of Staff" and the Rhode Island Attorney General. ECF No. 1 at 1-2. He alleges a violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*, ("ADA") and medical malpractice arising from his dissatisfaction with the Department of Veterans Affairs' handling of his request for a mobility scooter. Id. at 3. He claims damages of $50,000. Id. at 4. With his complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. The IFP application has been referred to me; based on this referral, I am also required to screen his complaint. See 28 U.S.C. § 1915(e)(2). For the reasons that follow, I recommend that it be dismissed and that the IFP application be denied as moot.

## BACKGROUND

Plaintiff asserts that he is a "disabled citizen and veteran with a 60% service[-]connected rating." ECF No. 1 at 4. He requested "a mobility scooter" and his request went to a "medical

---

[1] Courts must be "solicitous of the obstacles that *pro se* litigants face." Silvia v. Raimondo, C.A. No. 17-310-JJM-LDA, 2017 WL 11477124, at *1 (D.R.I. Sept. 29, 2017). Accordingly, as with Plaintiff's prior pleadings, Silvia v. RIPTA Ride/Flex Program, No. CV 20-203-JJM, 2020 WL 3286982, at *1 n.1 (D.R.I. June 18, 2020), I have employed a liberal construction. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

committee with extra conditions," which were "added to make [his] request more difficult." Id. He "appealed this decision" and it was sent to the "[chief of staff]² [and] she agree[d] with the medical decision and . . . denied the request due to [the] extra co[]nditions were not met." Id. The extra conditions are the "issue of the case" because Plaintiff is "wheel[-]chair bound" and the "defendant ignored medical records." Id. Plaintiff contends that the "defendant has violated [his] rights to obtain medical equipment to assist [him] with . . . living." Id. He alleges that "they are using buracratic [sic] opinions" to stop him from receiving the "needed equipment." Id. He notes that he was "also denied . . . a shower bench which is also under appeal." Id.

## LAW AND ANALYSIS

Plaintiff brings this claim against two Defendants, Dr. Dunican and the Rhode Island Attorney General.

Focusing first on Plaintiff's naming of the Rhode Island Attorney General as a defendant, I recommend that he be dismissed because the pleading is utterly devoid of any claim against or allegations of conduct by that state Office or the individual who holds the Office, either in an individual or official capacity. See Clervrain v. Raimondo, C.A. No. 20-535WES, 2021 WL 149073, at *1-2 (D.R.I. Jan. 15, 2021), adopted sub nom., Clervrain v. McKee, C.A. No. 20-535 WES, 2021 WL 1531464 (D.R.I. Apr. 19, 2021) (case that named Rhode Island state official but alleged no facts to explain how Rhode Island Governor could conceivably be responsible for injury caused by conduct of federal officials dismissed at screening). With no plausible allegations or facts linking the Rhode Island Attorney General to a claim based on the denial by a federal agency of Plaintiff's request for a mobility scooter, the complaint against the Rhode

---

² Plaintiff actually refers to "cos," which the Court interprets to mean the Chief of Staff, that is, Dr. Dunican, who is identified as "Chief of Staff" by Plaintiff and is named as a Defendant.

Island Attorney General should be dismissed.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The other Defendant is "Dr. Annmarie Dunican Chief of Staff," alleged to be located at 380[3] Chalkstone Avenue, Providence, Rhode Island, which is the location of the Providence VA Medical Center of the U.S. Department of Veterans Affairs ("VA").  ECF No. 1 at 1-2.  Invoking the ADA, Plaintiff seeks to bring a claim based on the alleged discriminatory denial of a benefit to which he alleges he is entitled as a disabled veteran.  Because Plaintiff is *pro se*, I presume he brings the claim against Dr. Dunican in her individual and official capacity as an alleged agent of the VA.  There are two reasons why this claim cannot proceed in this Court.

First, a court's ability to review of decisions of the Secretary of Veterans Affairs related to veterans' benefits is circumscribed by 38 U.S.C. § 511, which provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  <u>Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court</u>, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis supplied).  Subsection (b)(1-3) of 38 U.S.C. § 511 pertains to judicial review of rules and regulations, suits on government insurance policies, and housing and small business loans; those are inapplicable in this case.  Subsection (b)(4) pertains to Chapter 72 or Title 38 which "establishes the procedure for judicial review of final decisions of the Secretary of Veterans' Affairs."  Bell v. Hill, No. 1:08-CV-488-WKW, 2008 WL 4877862, at *2 (M.D. Ala. Nov. 12, 2008).  Under this statutory scheme, "judicial review of a particular

---

[3] The Court notes that the Providence VA Medical Center is located at 830 Chalkstone Avenue (not 380 Chalkstone).  See https://www.va.gov/directory/guide/facility.asp?id=111 (last visited Dec. 9, 2021).  Mindful of Plaintiff's *pro se* status, the Court interprets the pleading as referring to 830 Chalkstone Avenue.

application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." Id. (internal quotation marks omitted). "A challenge to a decision affecting benefits is encompassed by 38 U.S.C. § 511 and is not reviewable in any manner other than by the review mechanism set forth in Chapter 72 of Title 38." Id. (cleaned up); see Hairston v. DVA, Reg'l VA Off. Martinsburg, 841 F. App'x 565, 569-70 (4th Cir. 2021) (federal courts generally barred from hearing challenges to benefit determinations); Rosario-Gonzalez v. United States, 544 F. App'x 5, 6 (1st Cir. 2013) ("final agency decisions regarding benefits for veterans and their dependents or survivors are exclusively reviewable by the Court of Appeals for Veterans Claims, and then, as specified, by the Court of Appeals for the Federal Circuit and the Supreme Court"); Ryan v. Hicks, Case No. 19-cv-938-PB, 2020 WL 2841376, at *2 (D.N.H. April 3, 2020), adopted, 2020 WL 2840257 (D.N.H. June 1, 2020) (court does not have jurisdiction to review claims related to veterans' benefits). Therefore, Plaintiff's claim must be dismissed because this Court lacks subject matter jurisdiction to consider it. Bell, 2008 WL 4877862, at *2.

Second, Plaintiff's claim should also be dismissed because it fails to state a claim. For starters, the ADA, on which the pleading is based, does not apply to the federal government. Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6, 19 (1st Cir. 2004) ("Rehabilitation Act, the precursor to the ADA, applies to federal agencies, contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments"); United States v. Alonso-Vega, CRIM. No. 20-371(RAM), 2021 WL 4251345, at *3 (D.P.R. Sept. 17, 2021) ("the ADA does not apply to the Federal Government"). To sue for disability discrimination by a federal official, Plaintiff must rely on Section 504 of the

Rehabilitation Act, 29 U.S.C. § 794.[4]  See generally id.  Such a claim is not against the official individually but may only be asserted against the entity of which the individual is an agent. Clergeau v. Dep't of Correction, No. 21-CV-10136-LTS, 2021 WL 1162876, at *1 (D. Mass. Mar. 26, 2021).  To prevail on such a claim, Plaintiff must prove, *inter alia*, that he was denied services for which he was qualified due to a disability "solely by reason of [his] . . . disability." Lesley v. Hee Man Chie, 250 F.3d 47, 53 (1st Cir. 2001) (emphasis supplied) (internal quotation marks omitted).  Plaintiff's pleading fails to allege that he was denied veteran's benefits/equipment solely by reason of his disability.  Cf. Silvia v. RIPTA Ride/Flex Program, No. CV 20-203-JJM, 2020 WL 3286982, at *4 (D.R.I. June 18, 2020) (pleading "lacks even a hint from which one might draw the inference that he has been excluded from participation in or denied the benefit of some public service program or activity by reason of [his] disability") (internal quotation marks omitted).  Instead, Plaintiff alleges that his request was denied because of "extra conditions" and "buracratic [sic] opinions."  ECF No. 1 at 4.  There is nothing in the complaint permitting the inference that these extra conditions and opinions had anything to do with his alleged disability.  Consequently, even if the Court had jurisdiction over Plaintiff's claim, it would still fail as Plaintiff has not properly pled the essential elements of a Rehabilitation Act claim.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Plaintiff's complaint without prejudice because there is no subject matter jurisdiction and because it fails to

---

[4] Section 504 of the Rehabilitation Act provides, in relevant part, that: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

5

state a claim.  In light of this recommendation, I also recommend that Plaintiff's IFP application be denied as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 9, 2021